UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DAVID WILSON,

                   Plaintiff,              Case No. 2:21-cv-236

v.                                    Hon. Hala Y. Jarbou

KRIS TASKILA, et al.,

                   Defendants.
_____/

## OPINION

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 5.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Taskila, Hill, Monville, and Aiken. The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claim against Defendant Lewis regarding inadequate treatment for his breathing and swallowing problems. Plaintiff's Eighth Amendment claim against Defendant Lewis regarding her failure to treat Plaintiff's testicular cyst, as well as his malpractice

claim against Defendant Lewis, remain in the case.  The Court will also deny Plaintiff's motion to appoint counsel.  (ECF No. 2.)

## Discussion

### I.      Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan.  The events about which he complains occurred at that facility.  Plaintiff sues Warden Kris Taskila, Health Unit Manager Gloria Hill, Clinical Administrative Assistant Subrina Aiken, Nurse Practitioner Patricia Lewis, and Registered Nurse Jamie Monville.

Plaintiff alleges that in May of 2020, he submitted a healthcare kite with complaints that he was having difficulty breathing and swallowing.  (ECF No. 1, PageID.3.)  X-rays taken on July 7, 2020, were normal.  (*Id.*)  Plaintiff submitted another healthcare kite.  (*Id.*)  He was scheduled for a barium swallow study on September 1, 2020.  (*Id.*)  On or about November 12, 2020, a request to conduct a CT scan on his neck was approved.  (*Id.*)

Plaintiff also submitted a healthcare kite for pain in his groin after locating a lump on his left testicle.  (*Id.*)  Plaintiff received an ultrasound, which revealed a benign fluid-filled cyst. (*Id.*)  On February 17, 2021, Defendant Lewis told Plaintiff that he would not receive any treatment.  (*Id.*)

After several "off campus trips to Baraga Health Center, no solution was found as to why Plaintiff had problems breathing and swallowing."  (*Id.*)  Defendant Lewis "experimented prescribing different medications, none of which relieved the condition and pains Plaintiff had been suffering for close to one year." (*Id.*)

On January 27, 2021, Registered Dietician Kelly Wellman (not a party) placed Plaintiff on a soft foods diet.  (*Id.*, PageID.4.)  Plaintiff had a swallowing study with a speech

therapist on June 15, 2021.  (*Id.*)  Spurs were found on his cervical spine on June 30, 2021.  (*Id.*)
On September 27, 2021, a request for Plaintiff to see a neurosurgeon was approved.  (*Id.*)  He saw
the neurosurgeon on October 12, 2021.  (*Id.*)

    While waiting to see the neurosurgeon, Plaintiff submitted multiple kites regarding
his pain and difficulty breathing.  (*Id.*)  He avers that he received no medical attention in response
to these kites.  (*Id.*)  Plaintiff avers that Defendants Monville and Hill made a "mockery" of his
medical needs in response to his kites by "unreasonably [suggesting that Plaintiff] pay at his own
expense for another opinion, wherein all Plaintiff sought was relief for the continuous pain he
suffer[ed] daily for over seventeen (17) months."  (*Id.*)

    Plaintiff further claims that he has not received care for the cyst on his testicle, and
that he suffers pain in his groin, especially when walking.  (*Id.*, PageID.4–5.)  Defendant Lewis
told Plaintiff "that she had done all she could do and would no longer do anything else."  (*Id.*,
PageID.5.)  On May 12, 2021, Plaintiff submitted his fifth grievance about the issue and wrote a
letter directly to Defendant Taskila, explaining his ongoing medical problem and requesting to be
transferred to a facility for further medical treatment.  (*Id.*)  He claims that Defendants Monville
and Hill "ignored [his] suffering . . .and relied on what they reviewed in the records without an
interview with Plaintiff."  (*Id.*)  Defendant Taskila "ignored and denied" Plaintiff's request for a
medical transfer.  (*Id.*)

    As noted *supra*, Plaintiff saw a speech therapist for a swallowing study on June 22,
2021.  (*Id.*)  The speech therapist thought that the spurs on Plaintiff's cervical spine were
"impinging his ability to swallow solids."  (*Id.*)  He claims that despite this, Defendants have
ignored his medical needs.  (*Id.*)  He had to submit "grievance after grievance to receive any

medical attention, and was denied by Defendants Taskila, Hill, Monville, and Subrina Aiken." (*Id.*)

Based on the foregoing, Plaintiff asserts that Defendants have violated his Eighth Amendment rights by failing to provide adequate medical care. (*Id.*, PageID.6–7.) He also asserts a malpractice claim against Defendant Lewis. (*Id.*, PageID.6.) Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.*, PageID.8–9.)

## II.    Motion to Appoint Counsel

Plaintiff seeks the appointment of counsel, asserting that his medical claims are complex and beyond his "legal understanding." (ECF No. 2, PageID.12.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. The Court, therefore, will deny Plaintiff's motion to appoint counsel. (ECF No. 2.)

## III.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.      **Claims Against Defendants Taskila, Hill, Monville, and Aiken**

Plaintiff maintains that Defendant Taskila violated his Eighth Amendment rights by doing "nothing to see [that] Plaintiff [received] the medical care needed." (ECF No. 1, PageID.6.) As noted *supra*, Plaintiff avers that he submitted a grievance and wrote a letter to Defendant Taskila explaining his medical issues and asking for a medical transfer, but that Defendant Taskila "ignored and denied" this request. (*Id.*, PageID.5.) He also suggests that Defendants Hill, Monville, and Aiken violated his Eighth Amendment rights by denying his grievances and doing nothing to provide necessary medical care. (*Id.*, PageID.5, 7.)

Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) (citing *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of a grievance is not the same as the denial of a request to receive medical care.")). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Taskila, Hill,

Monville, and Aiken engaged in any active unconstitutional behavior. Accordingly, he fails to state a colorable claim for relief against these Defendants.[1]

      **B.**      **Eighth Amendment Claims Against Defendant Lewis**

      The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

      A claim for the deprivation of adequate medical care, like a claim for the use of excessive force, has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004);

---

[1] Moreover, with respect to Defendant Taskila, the Sixth Circuit has noted that administrative or custody officials who have no training or authority to supervise healthcare officials cannot be held liable for those officials' allegedly inadequate care. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 895 (6th Cir. 2018) (holding that a custody officer was entitled to rely on a medical provider's judgment); *Smith v. Cnty. of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012) ("[I]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004))); *see also Newberry v. Melton*, 726 F. App'x 290, 296–97 (6th Cir. 2018) (same); *Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *21–22 (E.D. Ky. June 9, 2006) (holding that prison administrative officials were not liable for overseeing and second-guessing care given by medical officials) (citing *Birrell*, 867 F.2d at 959).

*see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).  Obviousness, however, is not strictly limited to what is detectable to the eye.  Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear.  *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).  If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer,* 511 U.S. at 835.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . :  A jury is entitled to 'conclude

that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"

*Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir.

9

2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Here, Plaintiff contends that Defendant Lewis violated his Eighth Amendment rights by failing to treat the fluid-filled cyst on his testicle. (ECF No. 1, PageID.6.) Plaintiff indicates that this cyst is benign. (*Id.*) He avers, however, that it causes him pain, particularly when walking. (*Id.*, PageID.4.) Plaintiff claims that Defendant Lewis told him that he would not receive any treatment for this cyst on February 17, 2021. (*Id.*, PageID.3.) A serious medical need exists where the condition, such as a cyst, causes "chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997); *see also Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (noting that testicular growths and cysts constitute a serious medical need). Moreover, Plaintiff alleges that Defendant Lewis refused to provide any care for this condition. Plaintiff, therefore, has alleged a plausible Eighth Amendment claim against Defendant Lewis regarding her failure to treat the cyst.

Plaintiff also contends that Defendant Lewis violated his Eighth Amendment rights by "prescribing the wrong medications for [his] lack of breathing, painful throat, and swallowing problems." (ECF No. 1, PageID.6.) Contrary to Plaintiff's assertion, Defendant Lewis has not

10

ignored his complaints regarding these conditions.  Rather, Plaintiff alleges that he received X-rays on July 7, 2020, a barium swallow study on September 1, 2020, and a CT scan of his neck on or about November 12, 2020.  (*Id.*, PageID.3.)  Registered Dietician Kelly Wellman placed him on a soft foods diet on January 27, 2021.  (*Id.*, PageID.4.)  On June 15, 2021, Defendant Lewis requested that Plaintiff be taken offsite for a swallowing study with a speech therapist.  (*Id.*, PageID.5.)  He was taken for that study on June 22, 2021.  (*Id.*)  The speech therapist thought that the spurs on Plaintiff's cervical spine were "impinging his ability to swallow solids."  (*Id.*)

Plaintiff was approved to see a neurosurgeon for his breathing and swallowing problem.  He saw the neurosurgeon a month before he filed his complaint.  He is mysteriously silent regarding the neurosurgeon's recommendation for treatment.  Plaintiff does note that Defendants have advised him that he could "pay at his own expense for another opinion," (ECF No. 1, PageID.5), which suggests that Plaintiff may not have been happy with the neurosurgeon's advice.

Plaintiff's complaint is replete with facts indicating that Defendant Lewis provided treatment for his breathing and swallowing complaints and did not ignore them altogether.  Plaintiff fails to allege any facts regarding Defendant Lewis's involvement in treating these ailments after Plaintiff saw the speech therapist in June of 2021.  Although it is clear to the Court that Plaintiff is suffering from serious medical conditions affecting his breathing and swallowing, he has failed to allege facts showing that Defendant Lewis's response to Plaintiff's complaints was deliberately indifferent or that her treatment of these conditions was "so woefully inadequate as to amount to no treatment at all."  *Mitchell*, 553 F. App'x at 605.  Accordingly, Plaintiff's Eighth Amendment claim against Defendant Lewis regarding the treatment of his breathing and swallowing ailments will be dismissed.

C.      **State Law Malpractice Claim**

As noted *supra*, Plaintiff asserts a medical malpractice claim against Defendant Lewis.[2]  (ECF No. 1, PageID.6.)  Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's assertion that Defendant Lewis violated state law therefore fails to state a claim under § 1983.

In determining whether to retain supplemental jurisdiction over Plaintiff's malpractice claim, the Court "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."  *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted).  Because Plaintiff continues to have a pending federal claim against Defendant Lewis, the Court will exercise supplemental jurisdiction over his malpractice claim against her.

<u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Taskila, Hill, Monville, and Aiken will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claim against

---

[2] Plaintiff does not allege that the other Defendants are liable for malpractice.  (ECF No. 1, PageID.6–7.)

Defendant Lewis regarding inadequate treatment for his breathing and swallowing problems. Plaintiff's Eighth Amendment claim against Defendant Lewis regarding her failure to treat Plaintiff's testicular cyst, as well as his malpractice claim against Defendant Lewis, remain in the case.  The Court will also deny Plaintiff's motion to appoint counsel.  (ECF No. 2.)

An order consistent with this opinion will be entered.


Dated:   February 23, 2022              /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       UNITED STATES DISTRICT JUDGE